UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERTA SIMMONS,<br><br>          Plaintiff,<br><br>     v.<br><br>VISTA PRIETA HOMEOWNERS ASSOCIATION,<br><br>          Defendant. | Case No.  5:14-cv-03558 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION** |

Roberta Simmons, proceeding pro se, filed the instant complaint arising out of a dispute over the Vista Prieta Homeowners Association Board of Directors' decision to opt-out from PG&E's SmartMeter Program.  She alleges that certain members of the board stole her identity in order to get PG&E to replace her SmartMeter with an analog meter.  Simmons also seeks leave to proceed in forma pauperis (IFP).  For the reasons stated below, the undersigned grants Simmons' IFP application, but nonetheless recommends that this matter be dismissed for lack of subject matter jurisdiction.

A court may authorize the commencement of a civil action in forma pauperis ("IFP") if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1).  In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous."  <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1226-27 n.5

(9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This court concludes that she qualifies financially for IFP status, and her IFP application therefore is granted. Even so, the court finds that her claims should be dismissed because there is no federal subject matter jurisdiction over them.

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). The court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). Here, plaintiff's complaint does not allege any federal claims whatsoever, and it is not apparent that any such claim properly could be pled.

Nor does this court find any basis for diversity jurisdiction. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. §1332. It is unclear whether the minimum required amount in controversy is satisfied here. But, in any event, the record presented indicates that there is no diverse citizenship. (See Dkt. 1-3, Section III).

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge dismiss this case for lack of subject matter jurisdiction. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. Fed. R. Civ. P. 72.

**SO ORDERED**.

Dated: September 21, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

2

5:14-cv-03558-HRL A copy of this order was sent by U.S. Mail to:

Roberta Simmons
205 Vista Prieta Court
Santa Cruz, CA 95062

3